UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**KATHRYN C. MILES,**

    Petitioner,

v.                                                              4:08MC2

**UNITED STATES,**

    Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72 of the United States District Court for the Eastern District of Virginia, by order of reference entered October 31, 2008. The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331.

### I. STATEMENT OF THE CASE

On July 3, 2008, petitioner, proceeding pro se, submitted a petition to quash a summons, and on July 30, 2008, respondent filed a motion to dismiss and a memorandum in support thereof. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), petitioner was notified that she was entitled to respond to the motion to dismiss and that her response should be filed within twenty days. To date, petitioner has not responded, and time for her response has expired. Accordingly, the motion to dismiss is now ripe for consideration.

Petitioner seeks to quash a summons issued by the Criminal Investigation Division of the Internal Revenue Service (IRS) to a third-party pursuant to 26 U.S.C. § 7602. The summons, which is attached to the petition, was served on Bank of America on June 17, 2008, and seeks

testimony and the production of records relating to financial transactions between petitioner and her husband, John S. Miles, and Bank of America.[1] The summons required that the records be produced on or before July 18, 2008.

Petitioner primarily challenges the summons on the grounds that she is not included in the limited class of people to which § 7602 applies. Specifically, petitioner contends that § 7602 only applies to: (1) those entities or individuals who have been notified of an obligation to file a tax return and have either refused or neglected to do so; and (2) those involved in "certain special business activities," including brewers, distillers, tobacco producers, and bankers. (Doc. #1 at 3 and 5).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to plaintiff and his or her allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that plaintiff can prove no facts in support of his or her claim which would entitle him or her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Martin Marietta Corp. v. International Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993); Bruce v. Riddle, 631 F.2d 272, 273-74 (4th Cir. 1980). The courts must construe the complaint liberally in favor of plaintiff, even if recovery appears

---

[1] Respondent states that petitioner is the subject of an ongoing criminal investigation, and the summons issued to Bank of America was one of three summonses issued as part of the investigation.

remote and unlikely. See Jenkins, 395 U.S. at 421. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

Respondent contends that the petition should be dismissed because petitioner has failed to establish that she complied with the service requirements set forth both in 28 U.S.C. § 7609 and in Federal Rule of Civil Procedure 4(i). When the IRS issues a third-party summons, the taxpayer to whom the summons relates has the right to intervene and seek to quash the summons.[2] The statute outlines specific procedures for initiating such a proceeding. Specifically, the person petitioning to quash a summons must send by registered or certified mail copies of the petition to both the summoned person and to the office designated by the Secretary of the Treasury. 26 U.S.C. § 7609(b)(2)(B). The petition must be served within twenty days of issuance of the summons. 26 U.S.C. § 7609(b)(2)(A). Furthermore, Federal Rule of Civil Procedure 4(i) requires that a party suing the United States must serve the United States Attorney for the district where the action is brought, the Attorney General of the United States, and any non-party federal agency, if the action challenges such an agency. FED.R.CIV.P. 4(i).

Although petitioner filed her petition within twenty days of the issuance of the summons, she failed to include a certificate of

---

[2] "Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons . . . shall have the right to intervene in any proceeding with respect to the enforcement of such summons . . . ." 26 U.S.C. § 7609(b)(1).

3

service establishing that she mailed a copy of the petition to either Bank of America or the IRS Criminal Investigation Division in Hampton, Virginia, as required by § 7609, or that she properly served the United States.

In order to bring suit against the United States, a party must comply with Rule 4(i). Moreover, the failure of a petitioner to provide proof of service of process is a basis for dismissal of a petition to quash an IRS summons. Miles v. United States, No. 4:07MC3 (E.D. Va. Jan. 31, 2008). Accordingly, since petitioner failed to certify that the petition was properly served, the petition should be DISMISSED.[3]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that petitioner's motion to quash summons be DENIED and respondent's motion to dismiss be granted.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.

---

[3] The Court notes that the grounds on which petitioner seeks to quash the summons are without merit. See Thomas v. United States, 254 F. Supp. 2d 174, 179 (D. Me. 2003).

4

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                                                                              /s/
                                                James E. Bradberry
                                                United States Magistrate Judge

**Norfolk, Virginia**

**November 4, 2008**